**Johnny Lee GREGORY,
Plaintiff-Appellant,**

**v.**

**John L. NUNN, Director, Adult Authority Indiana Department of Corrections, Jack R. Duckworth, Warden, Charles Atkins, Associate Warden, Frank Craig, Captain, Don Strong, Sergeant, Jane Doe, Secretary to Warden, D.L. Ballard, Correction Officer, D. Bonner, Counselor and J. Fisher, Counselor, Indiana State Prison, Defendants–Appellees.**

No. 89–1813.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 21, 1989.*

Decided Feb. 12, 1990.

Johnny L. Gregory, Michigan City, Ind., pro se.

David A. Nowak, Office of the Atty. Gen., Indianapolis, Ind., for defendants-appellees.

Before BAUER, Chief Judge, CUDAHY and POSNER, Circuit Judges.

PER CURIAM.

Johnny Lee Gregory appeals the dismissal of his 42 U.S.C. § 1983 claim pursuant to Fed.R.Civ.P. 12(b)(6). We reverse and remand.

**I.**

Gregory, a prisoner incarcerated in Indiana State Prison (Michigan City), filed his initial complaint on April 28, 1988, alleging violations of his first, eighth, and fourteenth amendment (due process) rights. He claimed that "legal papers and documents were accepted, and lost, by institutional staff" and that without such documents, including "original sales receipts for merchandise alleged to have been sto-

---

\* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

len" by him, he was "sever[ely] limited in combatting his unlawful incarceration." In a separate section of the form complaint, Gregory indicated that a grievance committee had determined that the documents were indeed accepted and lost by correctional officers.

The defendants filed a Rule 12(b)(6) motion, which was granted on July 6, 1988. Gregory was given 20 days in which to file an amended complaint.

Gregory filed his amended complaint on July 26, 1988, alleging only that his first amendment rights were violated, and elaborating that the documents lost were "irreplaceable." Gregory claimed the "loss of [his] ability to petition the government for redress of grievances or in other words, a violation of [his] right to have access to the courts." He specifically claimed that the irreplaceable documents were "necessary for his defense and proof contentions."

The defendants moved to dismiss again because the amended complaint did not correct the deficiencies of the first complaint. Relying on *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir.1987), the defendants argued that Gregory's allegations "fail[ed] to rise to the level of a constitutional deprivation." The defendants next contended that Gregory failed to show that the loss of the documents was intentional, i.e., that the officials intentionally interfered with Gregory's access to the state court. Gregory responded that "any sentient, intelligent person would easily construe [his] § 1983 complaint to have been instituted because of 'deliberate' or 'intentional' deprivation" (in part because the correctional officials ignored their own policy regarding deliveries for prisoners by accepting the package for him after hours).

The district court (Pierce, Magistrate) dismissed Gregory's complaint pursuant to Fed.R.Civ.P. 12(b)(6) as failing to show how he was deprived of access to the courts [1] and failing to allege more than negligence

on the part of the prison officials. Gregory appealed.

## II.

We review the magistrate's dismissal of the case *de novo*. Our question is whether Gregory could have proven any set of facts that would have entitled him to relief. *Zinser v. Rose*, 868 F.2d 938, 939 (7th Cir. 1989); *Doe v. First Nat'l Bank*, 865 F.2d 864, 872 (7th Cir.1989). Moreover, the well-pleaded allegations contained in Gregory's complaint must be taken as true, *Banner Industries, Inc. v. Central States Pension Fund*, 875 F.2d 1285, 1287 (7th Cir.1989); *Spencer v. Lee*, 864 F.2d 1376, 1377 (7th Cir.1989), and the *pro se* complaint must be given a liberal construction. *Jamison–Bey v. Thieret*, 867 F.2d 1046, 1047 (7th Cir. 1989). In our opinion, Gregory's allegations of a constitutional deprivation survive a Rule 12(b)(6) motion.

Gregory, like all prisoners, has a "constitutional right of access to the courts;" that access must be "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 821, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977); *Matzker v. Herr*, 748 F.2d 1142, 1151 (7th Cir.1984). We must accept as true the fact that Gregory needed the legal documents, particularly the sales slip, to proceed in post conviction remedies in state court. Although he did not specify the exact remedy he was seeking, Gregory claimed that the documents were "necessary for his defense and proof contentions." Their absence interfered with his meaningful, effective access to the courts.

Moreover, even if the items were not "irreplaceable" it would take time to replace those items (e.g., letters from attorneys). A delay or interruption in pending or contemplated litigation may indicate a deprivation of constitutional dimensions. *See Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir.1987) (citing *Hossman*, 812 F.2d at 1021–22 n. 2). In sum, Gregory's allega-

---

**1.** In its analysis of this issue, the district court relied upon *Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987) and *Mann v. Smith*, 796 F.2d 79 (5th Cir.1986). Although these § 1983 cases both involved the issue of access to the courts, they were decided on a motion for summary judgment and after a bench trial, respectively.

tion of a constitutional deprivation withstands a Rule 12(b)(6) motion.

Finally, contrary to the district court and defendants' assertions, Gregory did indicate, in his response to the second motion to dismiss, that he filed suit because of the correctional officials' intentional actions.[2] We must accept his allegation that the prison guards acted intentionally. Further, this circuit has held that prison officials "may well have owed" a prisoner who had a transcript of his state trial in his cell "a higher degree of care to avoid the loss of his trial transcript than the duty they owed him with respect to other items of personal property." *Bonner v. Coughlin*, 517 F.2d 1311, 1320 (7th Cir.1975). As the court stated in *Bonner*, "an intentional taking of legal materials that results in an interference with [a prisoner's] access to the courts violates this duty." *Id.* There may be a question of fact as to whether the correction officials knew of the contents of the package when they misplaced it. At the least, Gregory, who had requested counsel to assist him, *see Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* — U.S. ——, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989), presented sufficient allegations to survive a motion to dismiss for failure to state a claim upon which relief could be granted, because he could have proven a set of facts entitling him to relief.

### III.

The decision of the district court dismissing Gregory's complaint with prejudice is therefore

REVERSED AND REMANDED.

---

**2.** While there may be a distinction between an intentional act by prison officials *to* impede a prisoner's access to the courts and an intentional act that *results in* an impediment to court access, it need not detain our review of a Rule 12(b)(6) dismissal.