909 F.2d 1486
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Horace GRIFFIN, Plaintiff-Appellant,
v.
Michael P. LANE, Jimmey Fairman, Jr., Henry W. Cowan and
Donald Cartwright, Defendants-Appellees.
 No. 88-2539.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 20, 1990.*
Decided Aug. 2, 1990.
 
 Before WOOD, Jr., CUDAHY and POSNER, Circuit Judges.
 
 ORDER
 
 1
 Horace Griffin is an inmate in the Illinois prison system. This is an appeal from the dismissal of his suit against prison administrators alleging cruel and unusual punishment. Because the case was dismissed under Fed.R.Civ.P. 12(b)(6), we shall treat the allegations of the amended complaint as true.[1] Gregory v. Nunn, 895 F.2d 413, 414 (7th Cir.1990). Griffin states that in 1984 he was an inmate at the Stateville Correctional Center, a maximum-security institution in Joliet, Illinois. On February 21, 1984, he was viciously attacked by inmates who were members of a gang. Stateville officials removed Griffin from the general prison population at that time and placed him in protective custody at the prison.
 
 
 2
 On April 4, 1984, Griffin was transferred to Joliet Correctional Center, another maximum-security institution, for protective custody. When he arrived at Joliet he told the staff that he should be placed in protective custody because he had received death threats while at Stateville. Despite Griffin's pleas, he was placed in the general population and told that the death threats were all in the past, and that he should not worry about them. At 5:30 p.m. on July 2, 1984, Griffin was beaten severely by a gang of inmates while in the prison yard. No correctional officers were present at the time. Griffin was treated for his wounds at a local hospital and then returned to Joliet. Upon his return, Griffin claimed he had received more death threats, and he told prison officials, including defendant Lane, about them. No additional measures to protect Griffin were taken. Griffin claims that instead he was threatened, if he did not quit complaining, with transfer back to Stateville or to Pontiac Correctional Center, another maximum-security prison, where Griffin claimed to fear for his life.
 
 
 3
 Griffin charged in Count One of his amended complaint that the failure of the defendants to protect him from assaults by gang members constituted cruel and unusual punishment under the Eighth Amendment. Count Two charged common-law negligence, and Count Three tried to charge the State of Illinois (not formally named as a defendant) with liability on the theory of respondeat superior. The district court granted the defendants' motion to dismiss Count One for failure to state a claim upon which relief could be granted, and dismissed the state-law claims without prejudice.
 
 
 4
 The Eighth Amendment requires state prison officials to take steps to protect inmates from violent attacks by other inmates. Goka v. Bobbitt, 862 F.2d 646, 649 (7th Cir.1988). An official is liable if he acts with "deliberate indifference," which we have defined to mean that the official's acts must have been deliberate or criminally reckless. Santiago v. Lane, 894 F.2d 218, 221 and n. 7 (7th Cir.1990). Applying this standard to the facts alleged by Griffin, we agree with the district court that the defendants did not act with deliberate indifference.
 
 
 5
 There is no liability under Sec. 1983 unless the defendant was personally responsible for the conduct about which the plaintiff complains. A plaintiff must allege that the defendants had personal knowledge of or involvement in the constitutional deprivation. Harris v. Greer, 750 F.2d 617, 618 (7th Cir.1984); Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir.1986). The defendants in this case are all supervisory officials, as Griffin points out in his amended complaint. There is no allegation that any of the defendants were personally involved or responsible for having Griffin placed in the general prison population. But the complaint does not rule out the possibility that one or more of the defendants might have been personally responsible, either. A case should not be dismissed due to the inadequacy of a pro se complaint unless it is clear that the plaintiff cannot make sufficient allegations by amendment. Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1183 (7th Cir.1989), quoting Hughes v. Rowe, 449 U.S. 5 (1980). Because there is some chance, however slight, that Griffin could allege personal involvement by the named defendants, we shall proceed as if they were personally responsible.
 
 
 6
 Even if the defendants were personally responsible for assigning Griffin to the general population at Joliet, the acts alleged do not constitute deliberate indifference to Griffin's well being. Prison officials could reasonably believe that Griffin would be safe from attack once removed from Stateville, simply because the Stateville inmaters were not at Joliet. The danger that the Stateville gang would secretly communicate an order that the Joliet gang attack Griffin did not create a "strong likelihood" that such an attack would take place. Watts v. Laurent, 774 F.2d 168, 172 (7th Cir.1985), cert. denied, 475 U.S. 1085 (1986). It may have created some possibility of such an attack, but a defendant's inaction in the face of simple awareness that there may be such a possibility does not equate with deliberate indifference or criminal recklessness. At worst, Griffin has charged negligence or gross negligence, and that is not enough. Davidson v. Cannon, 474 U.S. 344 (1986)
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 After Griffin filed his original pro se complaint and before process was served on the defendants, the district court requested counsel to assist Griffin in presenting his case. See Local Rule 3.82. The attorney, Douglas Momeyer, consulted with Griffin and investigated Griffin's claim. He came to the conclusion that "substantial difficulties respecting GRIFFIN'S theories of relief and substantive rights render effective prosecution of cause impossible in that evidence does not support the claims made herein." The court granted Momeyer's motion to withdraw. The case lay dormant for some years, as Griffin apparently believed that Momeyer's withdrawal ended the case. When it was made clear to him that the case was still active, Griffin prepared an amended complaint, which was filed in December 1987. The court ordered that process be served on the defendants. At the same time, the court appointed Todd W. Musburger to represent Griffin and to clarify the issues presented. Musburger and Griffin disagreed about the merits of the case, and Musburger moved to withdraw at the same time Griffin asked that Musburger be replaced. Musburger's motion to withdraw was granted and Griffin told that no new counsel would be appointed