954 F.2d 726
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lucius McKOY, Plaintiff/Appellant,
v.
Edward J. BRENNAN, Lieutenant McKnelly and Mr. Barrow,
Defendants/Appellees.
 No. 91-1097.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 10, 1992.*
Decided Feb. 14, 1992.
 
 Before POSNER and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Inmate Lucius McKoy, who is confined in the administrative segregation unit at the Federal Correctional Institution in Oxford, Wisconsin, brought this civil rights suit against Warden Edward Brennan, Education Department Administrator McKnelly, and Law Librarian Barrow. In his complaint, McKoy alleged that the defendants denied him access to the courts by denying him state law materials that he needed to file an amended complaint in a pending state action. McKoy attached an exhibit to his complaint. The exhibit was a request to Brennan for access to the state law materials in which McKoy explained that he was proceeding pro se in a pending state court action and that he had been denied access to the materials three times by Barrow, the prison policy being not to bring such materials to the segregation area. McKnelly responded to the request on the same form by explaining that the materials in question were occasionally at the prison on loan from the University of Wisconsin where they are returned when not needed for classes at the prison. McKnelly advised McKoy to seek assistance from the Legal Assistance to Institutionalized Persons Program at the University of Wisconsin Law School ("LAIPP"). McKoy's complaint alleged that the LAIPP does not file damages claims for prisoners. He also described his need for the materials, indicating that his case had languished because of the dilatory representation by his lawyer, on account of which he had taken over pro se. He wished to proceed promptly before the state court wearied of the delay.
 
 
 2
 The defendants moved for dismissal based on a failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). They argued that the facility at Oxford did not contain any state law materials and that a federal facility has no duty to provide such materials if an inmate chooses not to accept adequate alternative services. They further argued that McKoy had failed to allege a lack of outside legal assistance, access to jailhouse lawyers, or access to other alternative legal services. They also noted that McKoy had voluntarily dismissed his counsel in the state proceeding.
 
 
 3
 McKoy filed a brief in opposition to the motion to dismiss, alleging that the materials in question were available on the shelves at Oxford at the time of his request for use by the general population, but not to those in segregation. He stated that he dismissed his retained counsel in his state action because his counsel was ineffective and negligent in pursuing his case. He further alleged that he had no other adequate alternative because: 1) the LAIPP had a waiting list over a year long, which was of no avail to McKoy's pending state litigation, and, in any event, the LAIPP does not handle damages suits against prison officials; and 2) jailhouse lawyers are not available to inmates in segregation.
 
 
 4
 The district court granted defendants' motion to dismiss and dismissed the complaint without prejudice. In finding that McKoy's allegations did not support a claim that he was denied reasonable access to the courts, the district court was apparently under the impression that McKoy had access to the LAIPP and had overlooked McKoy's allegation to the contrary. The district court also found that McKoy had not alleged prejudice by the defendants' actions.
 
 
 5
 McKoy filed a motion to alter and amend the judgment, Fed.R.Civ.P. 59(e), alleging as prejudice that his state court case was dismissed. The district court found that McKoy's new allegations did not support a claim that he was denied reasonable access to the courts and denied McKoy's motion to alter and amend the judgment. McKoy, pro se, appeals the district court's dismissal of his case.
 
 
 6
 Our review of the grant of a motion to dismiss is de novo. Johnson v. Martin, 943 F.2d 15, 16 (7th Cir.1991). We view all of the facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. Mosley v. Klincar, 947 F.2d 1338, 1339 (7th Cir.1991). "A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Johnson, 943 F.2d at 16 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). We give a pro se complaint a liberal construction. Gregory v. Nunn, 895 F.2d 413, 414 (7th Cir.1990).[1]
 
 
 7
 A prisoner has a constitutional right of access to the courts that must be "adequate, effective, and meaningful." Bounds v. Smith, 430 U.S. 817, 821-22 (1977). "A delay or interruption in pending or contemplated litigation may indicate a deprivation of constitutional dimensions." Gregory, 898 F.2d at 414. Although "[p]rison officials have an affirmative duty to provide inmates with reasonable access to courts, ... reasonable access does not mean unlimited access." Martin v. Davies, 917 F.2d 336, 338 (7th Cir.1990). "[A] prison is free to eliminate one kind of protection ... if it supplies adequate substitutes." Gometz v. Henman, 807 F.2d 113, 116 (7th Cir.1986). Moreover, a prison has no duty to provide state law library materials if an inmate chooses not to accept adequate alternative services. Corgain v. Miller, 708 F.2d 1241, 1250 (7th Cir.1983).
 
 
 8
 Our reading of the complaint is that McKoy has presented, albeit inartfully, sufficient allegations to survive a motion to dismiss for failure to state a claim upon which relief could be granted. McKoy did allege lack of outside legal assistance--he pursued the only alternative that the prison suggested to him, the LAIPP.[2] The district court found that McKoy's complaint had not alleged prejudice, citing Hossman v. Spradlin, 812 F.2d 1019 (7th Cir.1987). In Hossman, we held that even a pro se plaintiff alleging denial of access to the courts must articulate some "quantum of detriment" to survive a summary judgment motion. Id. at 1022 n. 2. On the other hand, where "the plaintiff alleges a direct and continuous limitation on access to legal materials or counsel, we have required no showing [of prejudice]." DeMallory v. Cullen, 855 F.2d 442, 448 (7th Cir.1988). McKoy's complaint indicates that the denial of the state law materials thwarted his ability to pursue his state claim,[3] which is a sufficient allegation of prejudice. Cf. id. at 449 (an inmate's complaint of continuous substantial limitations on access to legal materials carries "an inherent allegation of prejudice").
 
 
 9
 For the reasons stated, the decision of the district court is VACATED and REMANDED for further proceedings consistent with this order.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 We will not consider any of the materials in the Appendix of McKoy's brief that are outside the record. See United States v. Phillips, 914 F.2d 835, 840 (7th Cir.1990) ("An appellant may not attempt to build a new record on appeal with evidence that was never admitted in the court below.")
 
 
 [2]
 The recommendation by McKnelly suggests that there were no other alternative resources for McKoy, including jailhouse lawyers, which comports with McKoy's brief in opposition to dismissal in which he alleged that jailhouse lawyers were not available to prisoners in segregation. The defendants argue that McKoy rejected another alternative resource when he dismissed his retained counsel and decided to proceed pro se. However, the complaint indicates that counsel's representation was inadequate. See Bounds, 430 U.S. at 822
 
 
 [3]
 McKoy may have suffered more prejudice because he alleged in his Rule 59(e) motion that his case was dismissed when he failed to file an amended complaint