**Randy J. BANKS, a/k/a Hiram Abiff, Plaintiff,**

v.

**Michael F. SHEAHAN, Cook County Sheriff, and J.W. Fairman, Cook County Jail Director, Defendants.**

No. 92 C 6828.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 29, 1995.

Randy J. Banks, Michigan City, Indiana, Plaintiff Pro Se.

Susan Takata O'Leary, Ill. Dept. of Corrections, Chicago, Illinois, James J. Jozefowicz and Terry McDonald, Office of the State's Attorney of Cook County, Chicago, Illinois, for Defendants.

### MEMORANDUM OPINION AND ORDER

HART, District Judge.

*Pro se* plaintiff Randy Banks, a/k/a Hiram Abiff,[1] claims that defendants Michael Sheahan, the Sheriff of Cook County, and J.W. Fairman, the director of the Cook County Jail, deprived him of his constitutional right of access to court while he was incarcerated

---

**1.** At his deposition, plaintiff stated he now prefers to be called Hiram Abiff and the deposition transcript lists him as "Hiram Abiff (a/k/a Randy J. Banks)." However, plaintiff used the name Banks when he filed the present case, and a related criminal proceeding was prosecuted in that name. Plaintiff will be referred to as Banks.

at the Cook County Jail.[2] Plaintiff claims that he informed Sheahan and Fairman that he had not been permitted to take his legal papers when he was transferred to an Indiana prison and requested their assistance in forwarding the papers, but they failed to take any action. Plaintiff also claims that loss of those papers interfered with a pending criminal appeal and also prevented him from filing civil actions alleging constitutional deprivations while he was held at Cook County Jail. The transfer occurred on October 2, 1991 and the requests for defendants' assistance occurred in October and November of that year. Presently pending is defendants' motion for summary judgment.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. *Oxman v. WLS–TV*, 846 F.2d 448, 452 (7th Cir.1988); *Jakubiec v. Cities Service Co.*, 844 F.2d 470, 471 (7th Cir.1988). The burden of establishing a lack of any genuine issue of material fact rests on the movants. *Id.* at 473. The non-movant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The movants need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. *Id.* at 324, 106 S.Ct. at 2553. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See Covalt v. Carey Canada, Inc.*, 950 F.2d 481, 485 (7th Cir.1991); *Collins v. Associated Pathologists, Ltd.*, 844 F.2d 473, 476–77 (7th Cir.), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988). As the Seventh Circuit has summarized:

> The moving party bears the initial burden of directing the district court to the determinative issues and the available evidence that pertains to each. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *id.* at 325, 106 S.Ct. at 2554 ("the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case"). Then, with respect to issues that the nonmoving party will bear the burden of proving at trial, the non-moving party must come forward with affidavits, depositions, answers to interrogatories or admissions and designate specific facts which establish that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. The non-moving party cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. *Id.* The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

*Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992).

When filing their motion for summary judgment, defendants informed *pro se* plaintiff of the procedures for summary judgment as is required under Seventh Circuit law. *See Timms v. Frank*, 953 F.2d 281, 285–86

---

2. Other claims were dismissed when defendants' motion to dismiss was granted in part. *See Banks v. Sheahan*, 1994 WL 186022 (N.D.Ill. May 10, 1994) (Order dated May 6, 1994 and entered on the docket May 10, 1994). The remaining claim is against defendants in their individual capacity, the official capacity claims having been previously dismissed. *See id.* at *1.

(7th Cir.), *cert. denied,* 504 U.S. 957, 112 S.Ct. 2307, 119 L.Ed.2d 228 (1992); *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). Plaintiff complains that he is incapable of properly responding to a motion for summary judgment, but it has previously been determined that plaintiff is not entitled to the appointment of counsel. A "jailhouse lawyer," however, has provided assistance to plaintiff and that person was permitted to file an "amicus" brief responding to the motion for summary judgment. Also, the court will consider the legal merits regardless of whether plaintiff makes an adequate legal argument; it is only expected that plaintiff will make an adequate presentation of the facts, something he is capable of doing even absent legal training.

Plaintiff also complains that he has not had access to copies of documents he previously filed with this court (Docket Item 11). They are primarily correspondence with defendants or other Cook County Jail personnel regarding the return of plaintiff's documents. On the present summary judgment motion, defendants do not dispute that plaintiff lost legal documents, requested defendants' assistance, or that they failed to find the documents for him. Defendants can be held liable for failing to take action after being informed legal documents had been taken. *See Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir.1995); *Brownlee v. Conine,* 957 F.2d 353, 354 (7th Cir.1992); *Banks,* 1994 WL 186022 at *2. However, if at the time they were informed of the missing legal documents, they could no longer have done anything to successfully find the documents, they would not be responsible for the missing documents and there would be no basis for liability. These factual issues are not raised by the present motion. There is also no contention that intentionality is at issue. *See generally Gregory v. Nunn,* 895 F.2d 413, 414–15 (7th Cir.1990). As will be discussed below, these issues should be addressed. For purposes of the present motion, though,

it must be assumed that defendants can be held responsible for the missing documents. Therefore, plaintiffs' access to the Docket Item 11 documents was not essential to the preparation of his response and, in any event, Docket Item 11 has been considered by the court. For future use, however, a copy of Docket Item 11 is being sent to plaintiff with a copy of today's opinion.

Additionally, defendants provide a copy of plaintiff's entire deposition. The entire deposition is being considered in determining if there are any genuine factual disputes. Defendants' motion for summary judgment will be considered on its merits.[3]

■ Defendants contend that the principles enunciated in *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), bar plaintiff's access to court claim. *Heck* holds that claims, the successful prosecution of which *necessarily* imply that the plaintiff's related convictions are invalid, may not be brought before the related convictions are first reversed or overturned. —— U.S. at —— & nn. 6–7, 114 S.Ct. at 2372 & nn. 6–7. *See also Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir.1995); *Nesses v. Shepard,* 68 F.3d 1003, 1005 (7th Cir.1995); *Booker v. Ward,* 888 F.Supp. 869, 873–76 (N.D.Ill.1995). Defendants cite various cases applying *Heck* that they contend are factually indistinguishable from the present case. However, none of those cases involve access claims. The Seventh Circuit has made clear that the detriment component of an access claim does not require proof that there would have been a different result in the case or potential case that the denial of access affected. *Gentry,* 65 F.3d at 559 ("Prejudice to the right of access to the courts occurs whenever the actions of a prison official causes court doors to be actually shut on a complaint, regardless of whether the suit would ultimately have succeeded."). Therefore, success on an access claim does not necessarily imply that a

---

**3.** Plaintiff recently filed a motion entitled "motion of objection and to correct error." That motion seeks reconsideration of this court's denial of plaintiff's motion to enforce subpoenas. Plaintiff sought to enforce subpoenas served on Indiana prison officials. Indiana prison officials would not have information pertinent to plain-

tiff's claim regarding an incident at Cook County Jail. The adequacy of plaintiff's access to legal resources while incarcerated in Indiana is not relevant to the present lawsuit nor likely to lead to the discovery of evidence admissible in the present lawsuit. Plaintiff's motion of objection and to correct error will be denied.

related conviction must be overturned. To the extent plaintiff could show that he was denied access that would otherwise have resulted in his conviction being overturned, prior to actually overturning his conviction he cannot obtain damages based on being wrongly convicted, but he is not barred from bringing suit and seeking other damages. *Booker,* 888 F.Supp. at 875–76. Although it did not expressly consider *Heck, Gentry,* 65 F.3d at 559–60, specifically holds that a convicted plaintiff can bring suit on a claim alleging interference with a habeas corpus proceeding even if that person has not succeeded in overturning the related conviction. Additionally, plaintiff's claims are not limited to interference with his criminal proceeding. Plaintiff's access claims are not subject to dismissal based on *Heck v. Humphrey.*

■ Defendants also contend that plaintiff's claim fails because he cannot show that the alleged interference caused any detriment. As stated, the detriment element of an access claim does not require proof that the plaintiff would have succeeded in the litigation that was affected by the interference.

"[D]etriment" means some sort of real prejudice. This is apparent from our most frequent formulation of the test: that the prisoner must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir.1994); *Shango [v. Jurich],* 965 F.2d [289,] 292 [ (7th Cir. 1992) ]; *Hossman [v. Spradlin],* 812 F.2d [1019,] 1021 n. 2 [ (7th Cir.1987) ]. The phrasing means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail,* 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied,* 506 U.S. 1062, 113 S.Ct. 1002, 122 L.Ed.2d 152 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Id.* If a mere allegation of some delay, even to contemplated litigation were adequate, the second part of the test would have no real import.

*Gentry,* 65 F.3d at 559. "The right of access is at its base a right to be heard. Therefore, a total loss of the opportunity to raise one's voice in the courts is itself the requisite detriment." *Id.* The lack of merit of the related legal proceeding only precludes satisfaction of the detriment requirement if the interfered with proceeding, on its face, lacked any rationality. *Id.* at 560.

At his deposition, plaintiff described the documents he lost as follows:

Q: Now, you say, "property." What did that include? Could you describe what it consisted of?

A: Well, it consisted of, uh, various documents that comprised, uh, civil and criminal complaints and potential complaints. It comprised a large portion of personal-purchased law books. It comprised a large section of Xerox-copied cases that I got from various attorneys. It comprised various evidentiary material in a different criminal trial that I was involved in. It—Uh, it comprised a long list of items that was of legal and quasi-legal nature, as well as personally obtained clothing and so on and so forth.

Q: You say, "evidentiary materials." What did those materials consist of?

A: Well, they consisted of a large variety of things; uh, writings, personal records dealing with my trial, voir dire, uh, evidentiary material that was introduced at the trial. It also includes grand jury transcripts. It includes a wide variety of things. Uh ... It was also various civil complaints that had not yet been filed that, uh, related to the various atrocities that I suffered while I was housed at the jail.

Banks Dep. 9–10.

■ Following a jury trial in the Circuit Court of Cook County, Illinois, Banks was found guilty of murder and sentenced to death. *See People v. Banks,* 161 Ill.2d 119, 204 Ill.Dec. 107, 641 N.E.2d 331 (1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1160, 130 L.Ed.2d 1116 (1995). Banks represented himself during the state criminal trial. At the time Banks lost his legal documents in October 1991, the criminal case was apparently on automatic appeal to the Illinois Su-

preme Court.[4] A public defender had been or was subsequently appointed to represent Banks on appeal. Banks contends that the public defender was unqualified and incapable of adequately representing him. In February 1992, Banks filed a motion with the Illinois Supreme Court entitled "motion to exclude, appoint, or waive." Banks requested that the Illinois Supreme Court exclude the public defender from being his appointed counsel and instead appoint other competent counsel to represent him. Alternatively, Banks requested that the public defender be excluded and he be permitted to proceed *pro se*. As a third alternative if he was going to be forced to be represented by the public defender, Banks requested that he instead be summarily executed with no further delay. Although he alleged in his complaint that he had been granted leave to file a *pro se* brief, Banks admitted at his deposition that his motion to exclude, appoint, or waive was summarily denied and the Illinois Supreme Court never granted him leave to file a *pro se* brief. He was represented by a public defender on his appeal and a 62–page brief was filed on his behalf.

At his deposition, plaintiff claimed that legal documents he lost were essential to his being able to argue additional issues regarding the sufficiency of the evidence at his murder trial, the denial of his speedy trial rights, and the constitutionality of Illinois's death penalty statute. But even assuming that is true, loss of the documents did not prevent him from making those arguments. The Illinois Supreme Court denied him leave to file his own brief. Therefore, loss of the documents did not prevent him from raising any issues before the Illinois Supreme Court; he was otherwise precluded from raising those issues and, in any event, was otherwise provided with adequate access to the courts by having appointed counsel on appeal.

Plaintiff's access to court claim related to his Illinois murder trial will be dismissed.

At his deposition, plaintiff also contended that loss of the documents interfered with his ability to pursue a number of civil cases. It will be considered whether any of plaintiff's testimony adequately supports the detriment requirement as to any lawsuits or potential lawsuits.[5]

Plaintiff makes reference to losing records of his opportunities to have access to legal resources while he was confined at Cook County Jail. Banks Dep. 25–26. However, he was never questioned in any detail about this potential claim. Since plaintiff did not supplement his deposition testimony on this issue with an affidavit, he does not present sufficiently specific facts to create a genuine issue of fact on summary judgment. *See Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir.1987).

Plaintiff also testified that he lost a completed complaint alleging that he was run through a gauntlet of approximately 50 jail guards and severely beaten by the guards. He conceded, though, that he still knew the approximate date of this event, the location, the names of a number of the guards, the injuries that were caused, and the medical treatment he received. Banks Dep. at 27–28. He further testified that he tried to draft the complaint again, but without his notes and supporting material he was not able to draft an adequate complaint.[6] He claims he did not have the exact date and time of the event and his medical treatment, the names of all the officers and their badge numbers, affidavits of other prisoners, and unspecified exhibits supporting what happened. *Id.* at 31. After being transferred to Indiana, plaintiff did not remember the names of the prisoners who had provided him with affidavits.[7] For purposes of responding to a motion for summary judgment, plaintiff has presented suffi-

---

4. Plaintiff testified at his deposition that the criminal trial concluded at the end of September 1991.

5. In responding to summary judgment, plaintiff filed his own affidavit, but did not provide any additional facts to support his contention that loss of his legal documents had a detrimental effect on any litigation.

6. That plaintiff did not bring suit against the guards whose names he claims to remember casts doubt on whether he really had been prepared to bring suit before his papers were lost. On summary judgment, however, that credibility issue must be resolved in plaintiff's favor.

7. He does not state this, but it is also likely that he would not have been permitted to correspond with inmates in another jail even if he did remember their names.

cient facts showing how a specific case was detrimentally affected by the loss of his documents. Plaintiff has satisfied the detriment requirement as to his purported beating claims. *See Gregory,* 895 F.2d at 414; *Hossman,* 812 F.2d at 1022; *DeMallory v. Cullen,* 855 F.2d 442, 448 (7th Cir.1988); *McCabe v. Washington,* 1994 WL 30539 *2 (N.D.Ill. Feb. 4, 1994).

Plaintiff also contends that he lost documents related to a Seventh Circuit appeal that was dismissed for failure to prosecute because he never received legal mail informing him of the dates his briefs were due. Banks Dep. 33–35. He does not explain what documents were lost that would have significantly interfered with his being able to move before the Seventh Circuit explaining that transfers and stolen legal mail prevented him from being able to file a timely brief before that court. The claim based on interference with the Seventh Circuit appeal will be dismissed.

█ Defendants also raise the issue of qualified immunity. However, it was clearly established law prior to October and November 1991 that it was a violation of the constitutional right of access to the courts to deprive a prisoner of legal papers needed for court proceedings. *See Gregory,* 895 F.2d at 414 (1990); *Hossman,* 812 F.2d at 1022 (1987); *DeMallory,* 855 F.2d at 448 (1988); *Bonner v. Coughlin,* 517 F.2d 1311, 1320–21 (7th Cir.1975), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978). Defendants are not entitled to qualified immunity on the remaining claim.

All of plaintiff's claims will be dismissed except the claim that the loss of legal documents interfered with his ability to file a lawsuit concerning an alleged beating inflicted upon him by Cook County Jail guards. As previously indicated, the present motion does not address the issue of whether defendants may be held responsible for the claimed loss of the documents related to the beating claim. It is possible that, as supervisory officials, defendants never actually received the letters informing them of the situation. It is also possible that they directed one of their employees to follow up on the letters or otherwise acted in a manner that would not allow a finding of knowing and intentional interference with plaintiff's access to court. Another possibility is that the documents were already irretrievably lost at the point defendants were provided with knowledge of the situation, thus precluding any finding that they were a cause of the interference. Defendants are granted until January 26, 1996 to file a summary judgment motion on any of these or other issues related to personable responsibility that they believe in good faith may entitle them to summary judgment. Defendants are not obligated to file another summary judgment motion and should not do so if they cannot file one in good faith.

IT IS THEREFORE ORDERED that plaintiff's motion of objection and to correct error [95–1, 2] is denied. Defendants' motion for summary judgment [76] is granted in part and denied in part. All of plaintiff's claims are dismissed except the access to court claim against defendants Fairman and Sheahan in their individual capacities based on interference with a potential beating claim. Defendants are granted until January 26, 1996 to file a motion for summary judgment on the issue of personal responsibility. Plaintiff's answer brief to any motion is due February 26, 1996. Defendants' reply brief is due March 11, 1996. Status hearing set for March 14, 1996 at 9:15 a.m.