Charles E. BROWNLEE,
Plaintiff–Appellant,

v.

William CONINE, Jail Administrator,
Defendant–Appellee.

Charles E. BROWNLEE,
Plaintiff–Appellant,

v.

Sheriff Raymond KLINK, et al.,
Defendants–Appellees.

Nos. 90–2642, 90–2815.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 30, 1992.

Decided Feb. 24, 1992.

Martha K. Askins, Asst. State Public Defender, Office of State Public Defender, Madison, Wis., for plaintiff-appellant.

Before POSNER, FLAUM and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

We have consolidated for decision a prisoner's appeals from orders by a district judge dismissing two civil rights suits, both of which complain about the treatment the prisoner received when he was confined in a county jail to await trial. In each case the prisoner filed a complaint accompanied by a request to be permitted to proceed *in forma pauperis*, and the judge, without waiting for an answer to be filed, dismissed the suit as frivolous. 28 U.S.C. § 1915(d); *Williams v. Faulkner*, 837 F.2d 304, 306–07 (7th Cir.1988). Although notified of the appeals, the defendants have filed no appearance in this court; and they filed none in the district court. We have allowed the prisoner to proceed *in forma pauperis* in this court.

■ The district judge's ground for dismissal in both cases was that the allegations of the complaint were conclusory, stale, and lacking in a factual basis. As he put it in one of the orders, "The plaintiff's allegations fail to make a rational argument in either fact or law to support a claim for relief. Furthermore, his allegations are merely conclusory and seem to be stale in nature." (Citation omitted.) This is not a very happy formula. The Federal Rules of Civil Procedure establish a system of notice pleading rather than of fact pleading, Fed.R.Civ.P. 8; *Elliott v. Thomas*, 937 F.2d 338, 345 (7th Cir.1991), so the happenstance that a complaint is "conclusory," whatever exactly that overused lawyers' cliché means, does not automatically condemn it. All the complaint need do to withstand a motion to dismiss for failure to state a claim is "outline or adumbrate" a violation of the statute or constitutional provision upon which the plaintiff relies,

*Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 654 (7th Cir.1984), and connect the violation to the named defendants, *Patton v. Przybylski*, 822 F.2d 697, 701 (7th Cir. 1987). Some cases hold that more is required with respect to some especially elusive issues, such as certain types of intent, *Branch v. Tunnell*, 937 F.2d 1382, 1386 (9th Cir.1991), or whether a defendant's lawyer told him not to testify, *Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir.1991), but the district judge did not identify any such issues here.

■ As for "staleness," that is a more disabling criticism of a bread than of a complaint, unless by this term the district judge meant barred by the statute of limitations. Indeed a number of this prisoner's claims *are* plainly barred by the relevant statute of limitations, and others plainly fail to state a claim. In the latter category is the allegation that one of the officers turned on a hot water pipe that dripped; there is no contention either that the officer intended to injure the prisoner, or that the prisoner was injured. Also frivolous is the claim that the prisoner was not allowed to have hardcover law books or a hardcover bible in his cell. For he doesn't argue that he lacked reasonable alternatives—a softcover bible for his cell, and access to law books in the jail's law library. Compare *Jackson v. Elrod*, 881 F.2d 441, 444–45 (7th Cir.1989), and cases cited there. And so with some of the other claims.

■ But several of the claims in the two complaints cannot be dismissed as failing to state a claim or as showing on their face that they have no merit because they allege wrongs that are patently outside the period of limitations. The prisoner claims that one of the defendants turned down a number of requests to return documents that he needed for a suit he had filed, even though the defendant knew that the documents had been confiscated by one of the guards; and that because the documents were not returned, the suit was dismissed. Subsequent proceedings may show that this claim is unfounded; but it is not insufficient, let alone frivolous, on its face. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct.

1491, 52 L.Ed.2d 72 (1977); *Gregory v. Nunn*, 895 F.2d 413 (7th Cir.1990) (per curiam). Equally, the claims that another defendant deliberately loosed mentally ill inmates on the plaintiff so that they would assault him, and that a third defendant, in retaliation for the plaintiff's having complained about him to the jail doctor, refused to allow the plaintiff to see a dentist though he was in severe pain, are, on their face anyway, perfectly good claims of violation of the right that the due process clause grants persons held in jail awaiting trial to be spared punishment until they are convicted. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 1872, 60 L.Ed.2d 447 (1979).

Most prisoner civil rights cases are frivolous, but district judges, busy as they are, must not assume that all are and dismiss them by rote. They may not throw out the haystack, needle and all.

REVERSED.