**Eddie GAVIN, N–72916, Plaintiff,**

v.

**Kenneth McGINNIS, as Director of the Illinois Department of Corrections, and James Schomig, as Assistant Warden of Stateville Correctional Center, Defendants.**

No. 91 C 2754.

United States District Court, N.D. Illinois, E.D.

April 3, 1992.

Eddie Gavin, pro se.

James I. Marcus, Williams & Marcus, Ltd., Chicago, Ill., for plaintiff.

Steven Todd Schmall, Illinois Atty. General's Office, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is defendant Kenneth McGinnis' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court denies the motion.

## FACTS

Eddie Gavin ("plaintiff") is an inmate at the Stateville Correctional Center ("Stateville") in Joliet, Illinois. He brings this action *pro se* under 42 U.S.C. § 1983 for violation of his civil rights against James Schomig, the Assistant Warden at Stateville, and Kenneth McGinnis, the former director of the Illinois Department of Corrections. Plaintiff alleges that defendants improperly denied his family access to him on various occasions over a six-month period, thereby depriving him of his visitation rights. Seeking monetary damages, plaintiff filed his complaint on May 7, 1991, and the defendant subsequently filed this motion to dismiss.

## DISCUSSION

This court must construe a *pro se* plaintiff's complaint liberally, *Wilson v. Giesen*, 956 F.2d 738, 739 (7th Cir.1992), and mere vagueness or lack of detail alone does not constitute sufficient grounds to dismiss a complaint. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985). On a motion to dismiss, all well-pleaded factual allegations, as well as all reasonable inferences to be drawn from them, are assumed true. *Johnson v. Martin*, 943 F.2d 15, 16 (7th Cir.1991); *Meriwether v. Faulkner*, 821 F.2d 408, 410 (7th Cir.), *cert. denied*, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). The complaint need not specify the correct legal theory nor point to the right statute, *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992). "All the complaint need do to withstand a motion to dismiss for failure to state a claim is 'outline or adumbrate' a violation of the statute or constitutional provision upon which plaintiff relies, *Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 654 (7th Cir.1984), and connect the violation to the named defendants, *Patton v. Przybylski*, 822 F.2d 697, 701 (7th Cir.1987)." *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir.1992). Nonetheless, a party fails to state a claim upon which relief may be granted if that party can prove no set of facts upon which legal relief may be granted. *Ross v. Creighton Univ.*, 957 F.2d 410, 413 (7th Cir.1992).

Based on the facts alleged here, under section 1983 plaintiff must establish that the defendants, under color of state law, personally deprived plaintiff of a federal constitutional liberty or property interest without due process of law. *See Cunningham v. Southlake Ctr. for Mental Health, Inc.*, 924 F.2d 106, 107 (7th Cir.1991). While prisoners do not possess a substantive liberty interest in visitation arising under the Constitution, *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461, 109 S.Ct. 1904, 1909, 104 L.Ed.2d 506 (1989), section 3–7–2(f) of Illinois' Unified Code of Corrections (Ill.Rev.Stat. ch. 38, ¶ 1003–7–2(f)) at least arguably supplies a prisoner a sufficient liberty interest to state a claim under section 1983. *Accord Jenkins v. Lane*, No. 86 C 0059, 1989 WL 84474, 1989 U.S.Dist. LEXIS 8534 (N.D.Ill. July 20, 1989) (unpublished opinion); *United States ex rel. Adams v. O'Leary*, 659 F.Supp. 736 (N.D.Ill.1987). This section creates an interest in visitation because it mandates that every prison "shall permit every committed person to receive visitors." Ill.Rev.Stat. ch. 38, ¶ 1003–7–2(f); *accord Lane*, 1989 WL 84474, at *5–6, 1989 U.S.Dist. LEXIS 8534, at *5–6. However, it is by no means clear that prisoners have a protectible liberty interest in visitation. *Maust v. Headley*, 959 F.2d 644, 649–650 (7th Cir.1992).

Plaintiff has alleged that the defendants erroneously refused to admit his family to the prison for visitation purposes and revoked their visitation privileges for a six-month period, thus preventing him from receiving visitors. These allegations are sufficient to survive a motion to dismiss for failure to state a cause of action under 42 U.S.C. § 1983. However, the court expressly declines to decide, at this early stage in the litigation, whether a prisoner has a statutorily-created protectible liberty interest in visitation.

## CONCLUSION

For the above-stated reasons, the court denies defendant's motion to dismiss.

IT IS SO ORDERED.