John **STONE–EL**, Plaintiff,

v.

**J.W. FAIRMAN**, Defendant.

No. 93 C 206.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 28, 1994.

John Stone–El, pro se.

Terry L. McDonald, Cook County State's Attys., Chicago, IL, for James W. Fairman.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff John Stone–El brings this complaint, alleging violations of the United States and Illinois Constitutions. Presently before the court is defendant's motion to dismiss.[1] For the reasons set forth below, defendant's motion is granted.

### I. Background

Plaintiff John Stone–El is currently a prisoner at the Western Illinois Correctional Center in Mount Sterling, Illinois. The gravamen of Stone–El's complaint is that, on December 8, 1992, when Stone–El was housed as a pretrial detainee at the Cook County Jail, unnamed correctional officers took a habeas corpus petition and a law book from him as he was leaving the prison for a court appearance before Cook County Circuit Court Judge Crilly. He informed the officers that he planned to present the petition to Judge Crilly, and that the book belonged to him, but they refused to return the items. He also asserts that the items were taken pursuant to a new policy which prohibited prisoners from taking items with them when travelling to court. In support of his "policy" assertion, he maintains that no prisoner who went to court that day was allowed to bring materials from the jail.

Upon his return to Cook County Jail, Stone–El asked that his materials be returned. He was informed that he "lost" them.[2] He submitted a grievance regarding the incident, and sent complaints to Fairman, who is Director of the Cook County Department of Corrections. He also objected to the failure of prison officials to post regulations prior to their enforcement, and failure to make copies of such regulations otherwise accessible to prisoners. According to Stone–El, these grievances went unanswered. As a result, he maintains, he was forced to rewrite his habeas petition, and send it in through the mail. However, he claims that, although he has sent his habeas petition to the clerk of the Cook County Circuit Court, the public defender who represented him in his criminal

---

1. Although Stone–El includes Sheriff Michael Sheahan and James Carey, a Division Superintendent at Cook County Jail, in the caption of his pleadings, those individuals have not been served, and are therefore not part of this lawsuit.

2. It is unclear whether Stone–El means that the materials were actually lost, or that the officers decided to destroy or dispose of them. However, as discussed further below, the distinction is largely irrelevant.

case informed him that the clerk reported that there were no motions pending for Stone–El, and that the clerk had not received anything from him since early 1993. His subsequent efforts to obtain habeas relief, both directly from the Illinois Supreme Court and pursuant to 28 U.S.C. § 2254, have been unsuccessful. He therefore filed the present action, asserting that the actions complained of violated the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution, as well as the corresponding provisions of the Illinois Constitution.

## II. Motion to Dismiss Standard

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir.1988); *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff." *Balabanos v. North Am. Inv. Group, Ltd.*, 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth* ).

## III. Discussion

◾ According to Stone–El, the above facts support essentially two constitutional claims: denial of access to the courts, and unlawful seizure of personal property. We disagree. With respect to Stone–El's access claim, it is axiomatic that a prisoner must suffer a significant detriment *as a result of* the objectionable action. *Hossman v. Spradlin*, 812 F.2d 1019, 1022 (7th Cir.1987). Stone–El has failed to satisfy this requirement. Although he alleges that he was unable to file his habeas petition on December 8, he does not claim that he was, or is, unable to make that filing in some other manner. Indeed, he can not make such a claim, since he readily acknowledges that he subsequent-

ly *mailed* a copy of his habeas petition directly to the court. The Constitution requires no more than that; the ability of a prisoner to file legal documents by mail satisfies the constitutional requirement that citizens have access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 824–25, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). And although Stone–El maintains that the clerk of the Cook County Circuit Court does not have a record of his *mailed* filing, he does not suggest that this is due to any malfeasance on the part of Cook County Jail officials or correctional officers. Furthermore, he has not alleged that the time for filing a habeas petition has expired, or that he has suffered some other adverse effect in his effort to get post-conviction relief. *See, e.g., Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir.1992) (allegation that court case was dismissed due to confiscation of legal documents sufficient to survive motion to dismiss). We therefore conclude that Stone–El has failed to state a claim for deprivation of access to the courts.

◾ The same is true of Stone–El's unlawful seizure claim. We initially observe that such a claim is properly brought under the Fifth and Fourteenth Amendments, rather than the Fourth Amendment. *See Hudson v. Palmer*, 468 U.S. 517, 540, 104 S.Ct. 3194, 3207, 82 L.Ed.2d 393 (1984) (O'Connor, J., concurring) ("[T]he constitutional sources that provide [prisoners'] property with protection ... [are] the Fifth and Fourteenth Amendments, not the Search and Seizure Clause of the Fourth Amendment."). However, even under the due process protection of those amendments, Stone–El's claim must fail. For Fairman to be liable in his official capacity, Stone–El must allege the existence of an official policy which resulted in the deprivation alleged. *Monell v. Dep't of Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). The only "policy" alleged in Stone–El's complaint is "a rule barring pro se litigants from taking written motions to court," and instead requiring them to file by mail.[3] In support, he alleges that all prisoners who went to court on De-

---

**3.** As discussed above, Stone–El fails to state a claim regarding the constitutionality of such a rule.

cember 8, 1992 were not allowed to take materials from the jail with them. His due process claim, however, is only properly directed at the fact that the materials were not returned.[4] Notably, however, he does *not* allege that the policy stated above extended to the refusal to return the materials. On the contrary, he states in his complaint that "each correctional officer makes his own rules and regulation each time the shift changes...." But even if Stone–El generally alleged the existence of a "refusal to return" policy, his claim would fail. It is axiomatic that "[t]o establish a municipal policy or custom, the plaintiff must allege a specific pattern or series of incidents that support the general allegation of a custom or policy; alleging one specific incident in which the plaintiff suffered a deprivation will not suffice." *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1237 (7th Cir.1986) (citations omitted). Stone–El has not alleged any other occasions on which any items were destroyed or otherwise not returned to him, nor does he allege that any of the other prisoners who left the jail to go to court on December 8, 1992 were unable to get their materials back. Because Stone–El has failed to allege a custom or policy with respect to the refusal to return his petition and book, he is unable to state a claim against Fairman in his official capacity.[5]

 Stone–El does have redress for the loss of his materials; he may file an action against the individual officers who confiscated and refused to return them. *See Stewart v. McGinnis,* 5 F.3d 1031, 1036 (7th Cir.1993) (prisoners may file tort claims in the Illinois Court of Claims for destruction of property by correctional officers). Absent some connection to Fairman, or an official policy or

custom, however, his suit under 42 U.S.C. § 1983 must fail.

## IV.  Conclusion

For the reasons set forth above, defendant's motion to dismiss is granted. It is so ordered.

---

4.  Stone–El has not identified (and we are unaware of) any legal support for the claim that prohibiting prisoners who are temporarily leaving the prison from bringing personal materials with them constitutes a "deprivation" within the meaning of the Fourteenth Amendment. Accordingly, we understand Stone–El's deprivation claim to relate solely to the refusal to make his petition and book available to him upon his return.

5.  Indeed, this fact also defeats Stone–El's individual capacity claim. Fairman can not be liable in his individual capacity unless he "caused or participated in" the alleged wrongdoing. *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983). Stone–El does not allege that Fairman took part in, authorized, or even knew of, the correctional officers' refusal to return Stone–El's materials. Because a § 1983 claim can not be based upon the theory of *respondeat superior,* Stone–El does not have a claim against Fairman in his individual capacity.