**Alice SCOTT, Plaintiff–Appellant,**

v.

**CITY OF CHICAGO, Defendant–Appellee.**

No. 99–1317.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 6, 1999.

Decided Nov. 1, 1999.

Kenneth N. Flaxman (argued), Chicago, IL, for Plaintiff–Appellant.

Mardell Nereim (argued), Brian L. Crowe, Office of the Corporation Counsel, Appeals Division, Chicago, IL, for Defendant–Appellee.

Before ESCHBACH, FLAUM, and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

Alice Scott, an Assistant Commissioner of Systemwide Services at the Chicago Public Library, sued the City of Chicago ("City") under Title VII and the Age Discrimination in Employment Act ("ADEA") for taking actions that "lessen[ed her] job responsibilities" on account of her race and age. The district court dismissed her complaint under Fed.R.Civ.P. 12(b)(6) because it failed to specify what adverse employment actions were taken against her. Because Scott's complaint, taken as a whole, provided the City with sufficient notice of the nature of her claim, we reverse and remand.

## I.

From 1963 until 1998, Scott was employed by the City at the Chicago Public Library as Assistant Commissioner of Systemwide Services. She alleged that in 1997, when she was the highest ranking African–American employed by the Library, the City "undertook a variety of actions to lessen [her] job responsibilities". Scott also alleged that her age and race were significant factors that motivated the City to lessen her job responsibilities. As a result, Scott alleged that she suffered embarrassment and humiliation.

Scott filed her complaint under 42 U.S.C. § 2000e–2(a)(1) ("Title VII") and 29 U.S.C. § 623(a)(1), the ADEA. The City moved to dismiss under Rule 12(b)(6), arguing that Scott's complaint was insufficient as a matter of law because it did not allege an adverse employment action. Scott responded on the basis of *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir.1998), that her complaint met liberal notice pleading requirements.

The district court granted the City's motion to dismiss. The district court, granting Scott leave to amend her complaint, noted that she needed to "identify with greater particularity" the adverse employment actions taken by the City to meet the liberal notice pleading standards of Rule 12(b)(6). Scott declined to amend, and appealed.

## II.

We review a motion to dismiss de novo. *See Fischer v. First Chicago Capital Markets, Inc.*, —— F.3d —— (7th Cir.1999). A complaint will not be dismissed unless it is clear that the plaintiff can prove no set of facts consistent with her allegations that would entitle her to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Federal notice pleading requires the plaintiff to set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). However, a "complaint need not spell out every element of a legal theory" to provide notice. *See Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 261 (7th Cir.1998) (contrasting notice pleading with heightened pleading, i.e., "the who, what, when, where and how" required for fraud claims); *see also Jackson v. Marion County*, 66 F.3d 151, 154 (7th Cir.1995) (stating that a plaintiff can plead conclusions as long as those conclusions provide the defendant with minimal

notice of the claim). Similarly, in *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir.1999), we recently rejected a district court's use of a heightened pleading standard in dismissing a plaintiff's complaint under 42 U.S.C. § 1983 that he had been beaten by a private security guard who allegedly acted under color of state law. We held in *Payton* that a pleading need contain only enough " 'to allow the defendant[s] to understand the gravamen of the plaintiff's complaint.' " *See id.* (quoting *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir.1996)).

■ Scott's principal argument, based on *Bennett*, is that her complaint provides sufficient notice because the City is aware of the nature of the claim. In *Bennett*, an employment discrimination case, the plaintiff alleged that she was not permitted to interview for a teaching position because of her race. Holding that this allegation stated a claim, we suggested that an allegation that "Bennett believe[d] that [the defendant's] refusal to hire her was racial discrimination" would have provided sufficient notice of her claim. *See Bennett*, 153 F.3d at 518–19.

The City's principal argument is that Scott's complaint provides less notice than in *Bennett* because it does not specify the adverse employment actions taken against her. In support, the City relies upon three cases in which we upheld Rule 12(b)(6) dismissals. In each of these cases, however, the allegations at issue insufficiently apprised the defendant of the gravamen of the plaintiff's complaint. For example, in *Kyle v. Morton High School*, 144 F.3d 448, 454 (7th Cir.1998), a First Amendment retaliation case, the plaintiff did not allege that he engaged in any protected speech or conduct, and nothing else in the complaint indicated what speech or conduct the defendant allegedly had retaliated against. Similarly, in *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 792 (7th Cir.1996), the plaintiff, alleging a violation of ERISA's notice provision,

claimed that the defendant intentionally concealed "information", but failed to include any factual context clarifying the type of information he was referring to. Finally, in *Perkins v. Silverstein*, 939 F.2d 463, 467–68 (7th Cir.1991), an employment discrimination case, the plaintiff alleged that the defendant made "unwelcome sexual advances" that "affected the terms and conditions of the plaintiff's employment." We noted that the mere recitation of statutory language, without minimum material factual allegations, failed to provide minimum notice of the gravamen of the plaintiff's claim. *See id.* at 467. In each of the above cases, the complaint failed to provide notice of an item that was essential to the claim.

In this case, by contrast, the City knew that it was being accused of a type of conduct—lessening job responsibilities based on race and age—against a specific individual, Scott, who holds the singular position of Assistant Commissioner of Systemwide Services. The City argues that Scott's complaint fails to provide notice because her allegation of lessened job responsibilities is less descriptive than Bennett's refusal to hire allegation. Whether a complaint provides notice, however, is determined by looking at the complaint as a whole. In light of Scott's distinctive job position, we conclude that her general allegation of lessened responsibilities is sufficient to provide notice to the City of the nature of her claim.

■ We note that the City could have requested a more definite statement under Rule 12(e) if the City believed that it needed more information about Scott's allegations. Indeed, in *Bennett*, we urged district courts to keep the case moving, and if the claim is unclear, the court should require a plaintiff to prepare a more definite statement under Rule 12(e) instead of "lavishing attention on the complaint until the plaintiff gets it just right." *See Bennett*, 153 F.3d at 518. Alternatively, a defendant can move for Rule 11 sanctions in response to the filing of a frivolous com-

plaint. While Rule 11 does not "bar the courthouse door to people who have support for a complaint but need discovery to prove their complaint, the need for discovery does not excuse the filing of a vacuous complaint." *See Samuels v. Wilder*, 906 F.2d 272, 274 (7th Cir.1990). The initial responsibility for patrolling this fine line rests with the district courts. *See id.*

The district court's dismissal of Scott's Title VII and ADEA claims is therefore

REVERSED AND REMANDED.