In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2361

Tony Walker,

Plaintiff-Appellant,

v.

Tommy G. Thompson, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 00-C-350-C--Barbara B. Crabb, Chief Judge.

Submitted March 26, 2002--Decided May 1, 2002


   Before Posner, Easterbrook, and Ripple,
Circuit Judges.

   Posner, Circuit Judge.  This is a suit
under 42 U.S.C. sec. 1983 by a Wisconsin
state prisoner against prison officials
and a former governor of the state,
charging a variety of violations of the
plaintiff's federal rights, only three of
which need detain us: that the defendants
conspired to keep him and other prisoners
in prison beyond their mandatory release
date; that the defendant prison officials
retaliated against him for using the law
library; and that they also retaliated
against him for filing grievances
complaining about prison conditions.

   The district judge dismissed the suit
for failure to state a claim. She based
dismissal of the first of the plaintiff's
charges on alternative grounds: that the
complaint failed to allege an overt act,
and that a federal suit complaining of
the duration of a prisoner's confinement
must be brought under the habeas corpus
statute. The second ground is of course
solid, but the first is not. As the
Supreme Court has recently reaffirmed,
Swierkiewicz v. Sorema N.A., 122 S. Ct.
992, 995 (2002), and we have held time
and again, most recently in Higgs v.
Carver, No. 01-1559, 2002 WL 481227 at *2
(7th Cir. Apr. 1, 2002), and Beanstalk
Group, Inc. v. AM General Corp., No. 01-

2164, 2002 WL 406985, at *6 (7th Cir. March 15, 2002), there is no requirement in federal suits of pleading the facts or the elements of a claim, with the exceptions (inapplicable to this case) listed in Rule 9. Hence it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with. We did hold in Ryan v. Mary Immaculate Queen Center, 188 F.3d 857, 859-60 (7th Cir. 1999), that the complaint in that case had failed to allege a critical term of the conspiracy charged there, but the case was unusual. The conspiracy alleged in that case, so far as it relates to this case, was a conspiracy by a sheriff and three of his deputies to violate the plaintiff's Fourth Amendment rights by conducting an unreasonable search of his premises. One of the deputies had not participated in the search, and the complaint did not so much as hint at what role he might have played or agreed to play in relation to the search. To put this differently, there was no indication of the nature of his agreement with the other defendants. As to him, there was only a bare allegation of conspiracy--not enough to enable him to prepare his defense or for the district court to determine whether the claim was within the ballpark of possibly valid conspiracy claims, the two functions that Ryan assigns to notice pleading under the federal civil rules.

Nothing in the reasoning or result in Ryan compels a conclusion that the plaintiff in a conspiracy case must plead the overt act that--because without an overt act there is no injury from a conspiracy and hence no tort, Beck v. Prupis, 529 U.S. 494, 501-05 (2000); Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988); In re Orthopedic Bone Screw Products Liability Litigation, 193 F.3d 781, 789 (3d Cir. 1999), "the function of [civil] conspiracy doctrine [being] merely to yoke particular individuals to the specific torts charged in the complaint," Jones v. City of Chicago, supra, 856 F.2d at 992)--is required to make a conspiracy civilly actionable. Richardson v. City of Indianapolis, 658 F.2d 494, 500 (7th Cir. 1981); Second Amendment Foundation v. United States Conference of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001); In re

Temporomandibular Joint (TMJ) Implants Products Liability Litigation, 113 F.3d 1484, 1498 (8th Cir. 1997); Restatement (Second) of Torts, sec. 876(a) and comment b. Cases such as Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999); Dwares v. City of New York, 985 F.2d 94, 99-100 (2d Cir. 1993); Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990), and Zemsky v. City of New York, 821 F.2d 148, 151 (2d Cir. 1987) (and our own Kunik v. Racine County, 946 F.2d 1574, 1580 (7th Cir. 1991), and Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969)), which say that "conclusory allegations" of conspiracy, or allegations that fail to mention an overt act, are not enough to withstand a motion to dismiss cannot be squared with either Swierkiewicz or our recent decisions; we note that in Swierkiewicz the Supreme Court was reversing the Second Circuit--the author of the principal cases that require allegation of the overt act.

Of course, if it became apparent in the course of the litigation that there was no overt act, the plaintiff's suit would have to be dismissed; but a failure of proof is not a failure to state a claim. The plaintiff attached to his brief in this court a document claiming that there was indeed an overt act, namely a refusal to release him when his prison term expired. The document had not been submitted to the district court, but that is of no moment, in view of another rule repeatedly reaffirmed by this court--that an appellant complaining about the dismissal of his suit for failure to state a claim may hypothesize any set of facts consistent with the complaint that show that the complaint states a claim. American Inter-Fidelity Exchange v. American Re-Insurance Co., 17 F.3d 1018, 1021-22 (7th Cir. 1994); Orthmann v. Apple River Campground, Inc., 757 F.2d 909, 914-15 (7th Cir. 1985); Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137-38 (9th Cir. 2001); cf. Swin Resource Systems, Inc. v. Lycoming County, 883 F.2d 245, 247 (3d Cir. 1989).

Regarding the claim that the defendants retaliated against the plaintiff for using the law library by refusing to let him exercise outside his cell, the district judge interpreted the plaintiff to be complaining merely about being forced to choose between use of the

library and exercise. Anyone who has alternative uses for the same block of time is "forced" to choose between them. But the complaint alleges more--that the plaintiff was denied out-of-cell exercise because he had exercised his constitutional right to seek access to the courts, and while this could just mean that he forewent exercise because he wanted to allocate more time to the library, he could be charging that the defendants took away from him time that he could otherwise have spent exercising without giving up library time. We might nevertheless have affirmed the dismissal of this charge under a line of cases that required a plaintiff to allege "a chronology of events from which retaliation may plausibly be inferred," Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000); DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000); Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994), but that would again raise the specter of fact pleading now firmly interred by our recent decision in Higgs v. Carver, supra, at *2. After Higgs, there is no such pleading requirement.

   The district judge also had alternative grounds for dismissing the plaintiff's claim of retaliation for filing grievances about prison conditions: failure to exhaust administrative remedies within the deadline provided by state law; and, again, failure to state a claim. The difference in grounds is potentially consequential. Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust, Pozo v. McCaughtry, No. 01-3623, 2002 WL 596190 (7th Cir. Apr. 18, 2002); McCoy v. Gilbert, 270 F.3d 503, 508 (7th Cir. 2001); Marsh v. Jones, 53 F.3d 707, 710 (5th Cir. 1995); see also Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (per curiam); cf. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999), as otherwise "a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one." Marsh v. Jones, supra, 53 F.3d at 710); see, e.g., White v. McGinnis, 131 F.3d 593 (6th Cir. 1997) (per curiam). In contrast, dismissal of a suit for failure to state a claim is always with prejudice and so always precludes reinstatement.

The judge's basis for holding that the plaintiff had failed to state a claim was, this time, not a defect in pleading, but that the plaintiff had failed to file his grievances on the forms provided for that purpose by the prison. But it is one thing to refuse to accept an improperly filed grievance and another to retaliate against the grievant (by, he alleges, instituting disciplinary proceedings against him). If the grievance is constitutionally protected speech, which on this record we must assume the plaintiff's grievances were (they might be protected by the speech or petition clauses of the First Amendment, Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989) (per curiam); see also Babcock v. White, 102 F.3d 267, 274-75 (7th Cir. 1996), and by the right of access to the courts, DeWalt v. Carter, supra, 224 F.3d at 618; Bradley v. Hall, supra, 64 F.3d at 1279; Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989), as well), then retaliation for the submission of them was unconstitutional.

With regard to the alternative ground, the judge said that the plaintiff had failed to file a timely grievance. She may have been correct, but the record is hopelessly unclear on whether he did fail to file a timely grievance and, if so, whether any administrative remedy nevertheless remained open to him. Failure to exhaust administrative remedies is an affirmative defense, Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999), which the defendants, not having filed an answer, have not even pleaded. It is true that when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit. E.g., Brownlee v. Conine, 957 F.2d 353, 354 (7th Cir. 1992); Pino v. Ryan, 49 F.3d 51 (2d Cir. 1995), and cases cited there; Nasim v. Warden, 64 F.3d 951, 955-56 (4th Cir. 1995) (en banc); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Johnson v. Rodriguez, 943 F.2d 104, 107-08 (1st Cir. 1991); Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir. 1987); Pierce v. County of Oakland, 652 F.2d 671 (6th Cir. 1981) (per curiam). And so although immunity is an

affirmative defense, 28 U.S.C. sec. 1915(e)(2)(B)(iii) directs the district court to dismiss a prisoner's pro se suit "at any time" if the defendant is immune. The principle is not limited to prisoner pro se cases. It is a general principle of federal civil procedure. See Kratville v. Runyon, 90 F.3d 195, 198 (7th Cir. 1996); Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998); In re Medomak Canning, 922 F.2d 895, 904 (1st Cir. 1990); Costlow v. Weeks, 790 F.2d 1486 (9th Cir. 1986). Appropriate caution in its exercise is assured by the requirement that the validity of the defense be both apparent from the complaint itself, Haskell v. Washington Township, 864 F.2d 1266, 1273 n. 3 (6th Cir. 1988), and unmistakable, so that the suit is fairly describable as frivolous. Thus a personal-injury suit filed 100 years after the date of the injury as stated in the complaint would be frivolous, even though expiration of the time within which to sue is an affirmative defense. That the defendant might through inadvertence fail to plead the bar of the statute of limitations would not make the case any the less frivolous; no doubt some frivolous suits go through to judgment because of the incompetence of the defendant or his lawyer. Occasionally the court may make a mistake when all it has before it is the complaint, but, if so, the mistake can be corrected on appeal. Buchanan v. Manley, 145 F.3d 386, 387-88 (D.C. Cir. 1998) (per curiam).

In this case, however, unaided by an answer, the judge when she ruled did not have enough information to enable her to determine whether the plaintiff had exhausted his administrative remedies.

The judgment of the district court is affirmed in part and reversed in part and the case remanded for further proceedings consistent with this opinion.

RIPPLE, Circuit Judge, concurring. I am in complete agreement with my colleagues that there are no special pleading requirements for civil rights matters. The Supreme Court made that proposition clear in Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993), and again recently in Swierkiewicz v. Sorema N.A.,

___ U.S. ___, 122 S. Ct. 992, 998 (2002)
(noting this general rule in a discussion
concerning pleading requirements under
Title VII). These cases have worked a sea
change in our circuit's earlier
jurisprudence. Cf. Patton v. Przybylski,
822 F.2d 697 (7th Cir. 1987).

As my colleagues note, to satisfy the
mandate of Federal Rule of Civil
Procedure 8(a)(2), a pleading merely must
contain "a short and plain statement of
the claim showing that the pleader is
entitled to relief." Fed. R. Civ. P.
8(a)(2). Except in a limited set of
cases,/1 this notice pleading regime
eschews any requirement that "a claimant
[ ] set out in detail the facts upon
which he bases his claim." Leatherman,
507 U.S. at 168 (quoting Conley v.
Gibson, 355 U.S. 41, 47 (1957)). Indeed,
a complaint need not reference every ele
ment of a legal theory to satisfy Rule
8(a)(2)'s requirements. See Scott v. City
of Chicago, 195 F.3d 950, 951 (7th Cir.
1999). To the contrary, through his
pleading, a party simply must provide the
"defendant fair notice of what the
plaintiff's claim is and the grounds upon
which it rests." Leatherman, 507 U.S. at
168 (quoting Conley v. Gibson, 355 U.S.
41, 47 (1957)). Accordingly, so long as
the pleading contains facts sufficient to
permit the district court and defendant
"to understand the gravamen of the
plaintiff's complaint," Scott, 195 F.3d
at 951, it satisfies notice pleading
requirements./2

In the wake of Swierkiewicz, this court
has emphasized that there are no special
pleading requirements in prisoners' civil
rights cases. See Higgs v. Carver, No.
01-1559, 2002 WL 481227, at *2 (7th Cir.
2002). In Higgs, the district court
dismissed a prisoner's claims of
retaliation because the complaint failed
to allege a chronology of events from
which retaliation could be inferred. This
court reversed, noting that "[a]ll that
need be specified is the bare minimum
facts necessary to put the defendant on
notice of the claim so he can file an
answer." Id. The plaintiff had not
asserted a bald claim of retaliation,
failing to identify the suit and act
comprising the retaliatory activity. See
id. Rather, he had identified both the
suit and the retaliatory act, providing
the defendant with adequate notice of his

claims thereby satisfying the pleading requirements of Rule 8(a)(2). See id.

In Higgs, we rejected a district court's insistence on the allegation of a "chronology of events" because that requirement, as understood and applied by the district court in that case, was at odds with the "plain statement" standard of pleading required by the rules. Indeed, in many, perhaps most, cases, requiring the pleading of a chronology of events will be at odds with the liberal notice pleading requirements of Rule 8(a)(2). Plaintiffs, including prisoners, need not articulate detailed facts in order to state a claim for retaliation. A litany of particularized facts might be appropriate if the purpose of the complaint were to establish the plausibility of the plaintiff's allegations. But, as my colleagues note, the complaint is simply not designed to perform that function.

Having stated my agreement with the general proposition expressed in today's opinion, I must also note that it would be an overstatement to assert that the pleading of a chronology of facts is, in all cases, symptomatic of adherence to a heightened pleading standard. As some of our cases make clear,/3 this formulation is not always an attempt to impose a heightened pleading requirement. Rather, a chronology of events formulation simply can serve as a shorthand for the proposition that, to provide a defendant and the court with adequate notice of the nature of the pending claims, a prisoner must allege more than the simple legal conclusion of retaliation. Indeed, a chronology of events is often the most expeditious way for a plaintiff to provide a defendant with adequate notice of the nature of the plaintiff's claims. As Higgs implicitly recognized, a plaintiff alleging retaliation must reference, at a minimum, the suit or grievance spawning the retaliation and the acts constituting retaliatory conduct. Higgs, 2002 WL 481227, at *2. Absent these allegations, a defendant would not know how to respond to the complaint.

In short, in the context of a retaliation allegation, the obligation of adequate notice to the defendant is sometimes most easily accomplished by the

statement of the essential events that constitute the retaliation. This situation arises especially when the alleged retaliation constitutes a series of acts, inconsequential in themselves, that in the aggregate constitute actionable retaliatory conduct.

FOOTNOTES

/1 Rule 9(b) enumerates these exceptions. See Swierkiewicz, 122 S. Ct. at 998; Leatherman, 507 U.S. at 168. In particular, a party must plead with particularity the facts constituting fraud or mistake. See Fed. R. Civ. P. 9(b). The Supreme Court has expressed reluctance to expand the particularity requirement beyond those cases enumerated in Rule 9(b). See Leatherman, 507 U.S. at 168 (noting the maxim expressio unius est exclusio alterius).

/2 Indeed, courts often reference Form 9 of the Federal Rules of Civil Procedure Forms as an exemplar of the notice pleading requirements. See, e.g., Swierkiewicz, 122 S. Ct. at 998 n.4. Form 9, which sets forth a claim for negligence, states: "On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway." This short statement suffices under Rule 8(a)(2).

/3 In Black v. Lane, 22 F.3d 1395 (7th Cir. 1994), we emphasized, in the context of a retaliation claim, that "a heightened pleading rule does not apply to sec. 1983 claims" and that the prisoner's complaint need only conform "with the liberal system of notice pleading" set forth in Rule 8. Id. at 1399. By alleging the acts of harassment and beatings he allegedly had suffered, the plaintiff had fulfilled his obligation of notice. In Zimmerman v. Tribble, 226 F.3d 568 (7th Cir. 2000), the court reversed the dismissal of Zimmerman's complaint for retaliation because the plaintiff, by alleging a short chronology of the events constituting the alleged retaliation had not merely asserted a "legal conclusion of retaliation." Id. at 573. Rather, the plaintiff stated sufficient facts--the simple allegation that he had been denied access to the library after he filed a grievance against a prison official--to survive dismissal. Indeed, the court noted that "[a]lthough we would wish for more detail, we find that the chronology alleges the bare minimum necessary." Id.