**AMERICAN COMMUNITY NEWSPAPERS, LLC d/b/a Star Community Newspapers, Plaintiff,**

v.

**The CITY OF PLANO, Defendant.**

No. 4:06cv295.

United States District Court,
E.D. Texas,
Sherman Division.

Feb. 8, 2008.

John Randolph Thompson, III, Bridget Alison Blinn, J. Frank Kinsel, Jr., Cantey & Hanger, Fort Worth, TX, for Plaintiff.

Paul K. Pearce, Jr., Christen Carlson Paquin, Timothy Allen Dunn, Matthews Stein Shiels Pearce Knott Eden & Davis LLP, Dallas, TX, for Defendant.

### *MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*

RICHARD A. SCHELL, District Judge.

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 23, 2008, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's Motion for Summary Judgement (Dkt.39) be GRANTED, Plaintiff's Motion for Summary Judgment (Dkt.40) be DENIED, and that Plaintiff take nothing by its claims in this matter.

The court, having made a *de novo* review of the objections raised by Plaintiff, is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections of the Plaintiff are without merit. Therefore, the court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgement (Dkt.39) is **GRANTED**, Plaintiff's Motion for Summary Judgment (Dkt.40) is **DENIED**, and that Plaintiff take nothing by its claims in this matter.

### *REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

DON D. BUSH, United States Magistrate Judge.

Now before the Court are Defendant City of Plano's Motion for Summary

(Dkt.39) and Plaintiff American Community Newspapers, LLC's Motion for Summary Judgment (Dkt.40). The Court has already ruled on the objections to the summary judgment evidence. Having considered the arguments of counsel, the relevant authorities, and the credible evidence before it, the Court finds that Defendant's Motion for Summary Judgement (Dkt.39) should be GRANTED and Plaintiff's Motion for Summary Judgment should be DENIED.

## BACKGROUND

In this case, American Community Newspapers (ACN) challenges the constitutionality of the City of Plano's Ordinance § 11–145(d) which restricts the distribution of handbills to residences which display a "Do Not Solicit" or similarly worded sign. Section 11–145(d) provides as follows:

> (d) It shall be unlawful for any person to distribute or cause to be distributed, deposited, placed, thrown, scattered or cast any handbill upon any residential property if requested by anyone thereon not to do so, or if there is placed on such premises in a conspicuous place upon or near the main entrance to the residence, a weatherproof card, not less than three (3) inches by four (4) inches in size bearing the words "no trespassing," "no peddlers," "no advertisements," "no solicitation," "no handbills," or any similar notice indicating in any manner that the occupants of such premises do not desire to have any such handbills left upon their premises. The letters on such cards shall be not less than two-thirds (2/3) of an inch in height.

ACN distributes two newspapers free of charge with the hope, at least in part, of raising its subscription base. The definition of "hand bill" as found in § 1–41 of Plano's definition section is broad enough to encompass a newspaper.

The genesis of the controversy stems from two citations issued to ACN's officers for violation of the ordinance. No prosecutions resulted. ACN's newspapers are distributed by "independent contractors," or in the common vernacular, news carriers. ACN claims that the City ordinance, coupled with the threat of prosecution, has stymied freedom of the press.

Both parties have moved for summary judgment. All parties have ably briefed the issues and submitted evidence supporting their respective positions.

## STANDARD

The standard for summary judgment is well known. Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine is-

sue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the nonmoving party's claim. *Id.* at 323–24, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962).

### ANALYSIS

■ Any determination as to whether ACN's First Amendment rights have been infringed by the ordinance at issue is a mixed question of law and fact. *Baby Dolls Topless Saloons, Inc. v. City of Dallas*, 295 F.3d 471 (5th Cir.2002). But, a facial challenge to the constitutionality of an ordinance presents a pure question of law. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655 (5th Cir.2006). Plano argues that ACN is limited to a facial challenge in that it did not specifically raise the issue of an "as applied" challenge in its Complaint. Although ACN did not specifically plead unconstitutionality "as applied," it did allege a violation of its First Amendment Rights and noted that

its officers had been cited for violations of the ordinance in question.

Plano cannot argue that it did not have sufficient notice of this issue. "[T]he test is whether the complaint 'outline[s] or adumbrate[s]' a violation of the statute or constitutional provision on which the plaintiff relies ... and connects the violation to the named defendants." 2 Moore, *supra*, § 8.04[1][a], at 8–24 (quoting *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir.1992)) (brackets and ellipses in original). Here, the Complaint sufficiently outlines the constitutional violation. (¶ 15 Plaintiff's Complaint).

### ACN's Argument that the Ordinance is Not Narrowly Tailored

■ The Court finds and the parties do not appear to disagree that the ordinance is content neutral. The gist of ACN's argument is that the ordinance is not narrowly tailored to promote a substantial state interest and the stated reasons for passing the ordinance are not substantial state interests. According to the affidavit of the City Attorney, the ordinances at issue were adopted to protect citizen safety, prevent litter and debris and protect citizens from unwanted disturbance. A regulation is considered "narrowly tailored if it targets and eliminates no more than the exact source of the 'evil' it seeks to remedy." *See Frisby*, 487 U.S at 485, 108 S.Ct. at 2503. Conversely, if "a substantial portion of the burden on speech does not serve to advance" the ordinance's stated goals, then the ordinance is not narrowly tailored. *Ward*, 491 U.S. at 799, 109 S.Ct. at 2758. However, the regulation "need not be the least restrictive or least intrusive means of furthering the government's interest." *Ward*, 491 U.S. at 798, 109 S.Ct. at 2757. "As to alternative avenues of communication, while the First Amendment does not guarantee the right to employ every con-

ceivable method of communication at all times and in all places, a restriction on expressive activity may be invalid if the remaining modes of communication are inadequate." *Knowles v. City of Waco*, 462 F.3d 430 (5th Cir.2006) (citing *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 812, 104 S.Ct. 2118, 2132, 80 L.Ed.2d 772 (1984)).

ACN cites four examples of purported state interests for passing the ordinance: litter and debris; disruption of citizens; freedom from interruption; and protection of privacy. *See* Plano City Ordinance §§ 2003–6–7 & 2002–7–13. ACN points out that the ordinances cited were adopted on the consent agendas and there is no record of any discussion or consideration of any purpose or effect of the ordinances.

■ To evaluate whether an ordinance is narrowly tailored, the Court must consider authoritative constructions of the ordinance including its own implementation and interpretation of it. *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 131, 112 S.Ct. 2395, 2402, 120 L.Ed.2d 101 (1992). The affidavits of Weatherbee and Privett note concerns for citizen safety among other factors. In addition, the Court must consider whether the ordinance "sweeps far more broadly than is necessary" to further Plano's legitimate concern concerning litter control and protection of privacy. *Knowles*, 462 F.3d at 435. In other words, does it potentially criminalize such a broad range of expressive and legitimate conduct that it is hardly tailored at all? *Id.* With this analysis, the Court is guided by the proposition that "[a] facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *Houston Chronicle Pub. Co. v. City of League City*, 488 F.3d 613, 622 (5th Cir. 2007) (quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)).

■ The requirement is different in the First Amendment context, where Courts recognize the over breadth doctrine. The challenger need only show that a statute or regulation "might operate unconstitutionally under some conceivable set of circumstances." *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 662 (5th Cir.2006) (quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). Within this Circuit, a law which is so vague to chill the exercise of a constitutional right will succumb to a facial challenge "even when (the law) could have had some legitimate application." *Okpalobi v. Foster*, 190 F.3d 337 (5th Cir.1999) (quoting *Colautti v. Franklin*, 439 U.S. 379, 391, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979)).

The ordinance only prohibits what its citizens do not want, i.e. unwelcome solicitation. The ordinance on its face does not require a permit to solicit, nor does the City engage in any screening of the literature to be distributed. The ordinance imposes no unreasonable time restrictions on solicitation. The ordinance merely enforces a resident's desire not to be bothered by unwelcome solicitation, irrespective of the organization involved.

In the case *sub judice,* the Court is confronted with two important constitutional safeguards: the right to privacy and freedom of the press. Can the City enforce an ordinance limiting the right of a paper to distribute its news when the homeowner has stated he or she does not want the news? ACN has objected to much of the evidence the City relies upon to support its position. As noted by one court:

> While the quantum of evidence required to establish that an ordinance regulating door-to-door solicitation serves a munici-

pality's interest in preventing crime or protecting the privacy of residents may vary from case to case, there is no sound reason for requiring a municipality to present extensive statistical evidence in order to prove what, already, is common knowledge. It makes little sense to prohibit a· municipality from enacting an ordinance reasonably calculated to protect its residents from crime and/or to preserve its residents' right to privacy until residents actually are harmed or until the municipality reinvents the wheel by conducting exhaustive studies or compiling detailed statistics to confirm what already is known. *Association of Community Organizations for Reform Now v. Town of East Greenwich*, 453 F.Supp.2d 394, 401 (D.R.I. 2006).

The Court finds that the City has expressed legitimate objectives as to its residents' right to privacy and crime control. *See generally* affidavits of City Attorney Weatherbee and Sgt. Privett (Exhibits B and C). The only question is whether the City has gone too far in safeguarding those objectives.

■ A city can punish those who call at a home in defiance of the previously expressed will of the occupant. *Martin v. City of Struthers, Ohio*, 319 U.S. 141, ·148, 63 S.Ct. 862, 866, 87 L.Ed. 1313 (1943). Handbill distribution may infringe on the privacy rights of others because it involves the uninvited entry upon private property inhabited by residents who may not welcome the intrusion nor wish to hear the message. *See, e.g.,· Martin*, 319 U.S. at 144, 63 S.Ct at 864. In light of these concerns, the Supreme Court has consistently recognized that "the prevention of fraud, the prevention of crime, and the protection of residents' privacy ... are important interests that [a municipality] may seek to safeguard through some form of regulation of solicitation activity." *Watchtower Bible & Tract Soc'y of N.Y.,*

*Inc. v. Village of Stratton*, 536 U.S. 150, 164 122 S.Ct. 2080, 2089, 153 L.Ed.2d 205, 218–19 (2002) (a municipality's interest in regulating door-to-door canvassing is especially strong "when the solicitation of money is involved") (collecting cases); *see, e.g., Village of Schaumburg v. Citizens for a Better Env't,* 444 U.S. 620, 636, 100 S.Ct. 826, 836, 63 L.Ed.2d 73, 87 (1980) (recognizing all three interests as "substantial"); *see, e.g., Hynes v. Mayor of Oradell,* 425 U.S. 610, 616–19, 96 S.Ct. 1755, 1758–60, 48 L.Ed.2d 243, 250–52 (1976) (recognizing importance of municipality's interest in crime prevention and privacy protection) (citing *Martin,* 319 U.S. at 144, 63 S.Ct. 862, 87 L.Ed. 1313). The Supreme Court has further recognized that a municipality's interest in regulating door-to-door canvassing is especially strong "when the solicitation of money is involved." *Watchtower,* 536 U.S. at 162, 122 S.Ct. at 2087. "Accordingly, it has become well-established that, while the First Amendment affords some protection to door-to-door canvassing, such canvassing is subject to reasonable regulation, especially in cases where the solicitation of money is involved." *Association of Community Organizations for Reform Now,* 453 F.Supp.2d at 401 (citing *Watchtower,* 536 U.S. at 162–63, 122 S.Ct. at 2087–88; *Schaumburg,* 444 U.S. at 632, 100 S.Ct. at 833–34, 63 L.Ed.2d at 84).

In applying a balancing test to determine whether an ordinance goes too far in restricting freedom of speech, courts have examined several factors. The nature of the type of speech plays a role. Is the speech political or religious in nature or merely commercial? If merely religious or political, then stricter scrutiny may apply. *See e.g. Watchtower,* 536 U.S. at 165, 122 S.Ct. 2080. The Court finds that the speech here is commercial in nature.

Moreover, regulations that are in effect content neutral better pass the constitutional "sniff test." *See Turner Broad. Sys., Inc. v. FCC,* 512 U.S. 622, 642, 114 S.Ct. 2445, 2459, 129 L.Ed.2d 497, 517 (1994). As noted above, the Court finds that the ordinance is content neutral.

Whether the ordinance is constitutional may well depend on whether the ordinance amounts to a complete ban or is subject to reasonable time, place and manner restrictions. *Heffron v. Int'l Soc'y for Krishna Consciousness,* 452 U.S. 640, 647, 101 S.Ct. 2559, 2564, 69 L.Ed.2d 298, 306 (1981) (citations omitted). The Court finds that the ordinance is subject to reasonable time, place and manner restrictions. The prohibition is limited to residential premises where "no solicitation" signs have been posted. There is no other restriction. And then enforcement is not *a priori;* there must be a resident complaint to trigger enforcement.

Another factor to consider is the degree to which the speech is burdened. Courts view the extent of the burden as a factor to be considered in deciding whether a regulation is narrowly tailored to achieve its goal. *See, e.g., FEC v. Beaumont,* 539 U.S. 146, 161–62, 123 S.Ct. 2200, 2210–11, 156 L.Ed.2d 179, 193–94 (2003) (citations omitted). Here, the burden is light. As discussed below, there are numerous alternative means of communication available to ACN.

█ In the end analysis, the Court can look to the extent to which the regulation furthers the municipality's legitimate interest in assessing an ordinance's constitutionality. *See generally Association of Community Organizations for Reform Now,* 453 F.Supp.2d at 394. As long as speech is not burdened more than necessary, it may survive the most exacting of First Amendment challenges. *Ward v. Rock Against Racism,* 491 U.S. 781, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989). The ultimate inquiry is whether in a First Amendment challenge to a government regulation of speech in a non-public forum is the regulation view-point neutral and reasonable in light of the forum's purpose. *de la O v. Housing Authority of the City of El Paso,* 417 F.3d 495 (5th Cir.2005).

Crime prevention is a legitimate goal. Therefore, in analyzing the ordinance, the next step is to ascertain whether there are still alternative channels of communication. *Id.* at 504. The only restriction on distribution is to those individuals who specifically don't want a paper and who have so indicated by posting a "no solicitation" sign. No other restriction exists. ACN can still contact those who don't want its papers by telephone solicitations, mailing newspapers to the home, leaving a courtesy copy with the neighbor next door, or arguably leaving a copy of the paper on the sidewalk, since sidewalks are public areas in which the residents have no reasonable expectation of privacy. *See Bower v. State,* 769 S.W.2d 887, 897–98 (Tex. Crim.App.1989) (a sidewalk is defined as that portion of a street that is between a curb or lateral line of a roadway and the adjacent property line and is intended for pedestrian use); TEX. TRANSP. CODE ANN. § 541.302(16) (defining sidewalk).

█ If the occupant still declines a free paper, there is no constitutional basis for shoving a paper down the resident's throat. The Court finds that the regulation is not unreasonable and is valid in light of controlling precedent from the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit.

### As Applied

ACN argues that the ordinance is unconstitutional as applied to it. Plano argues that this challenge is moot in that the ordinance regulating criminal conduct as

to officers has been amended. For the reasons noted in the Court's order relating to standing, the Court overrules that point. In doing so, the Court notes that the City may well be judicially estopped from prosecuting ACN for distribution of its papers under this ordinance and the amended § 1–5.

The Court finds that the City has submitted an abundance of evidence to demonstrate that the ordinance has not been applied unconstitutionally to ACN. Profit and non-profit organizations alike have been cited. ACN points to specific examples of instances when non-profits were not cited. However, Plano has adequately demonstrated that these instances had nothing to do with favoritism of one form of speech over another. *See generally* Exhibits R and U. Therefore, the Court finds that Plano is entitled to summary judgment on ACN's as-applied challenge.

### Recommendation

Based on the foregoing and as set forth fully above, the Court recommends that Defendant's Motion for Summary Judgement (Dkt.39) should be GRANTED, Plaintiff's Motion for Summary Judgment should be DENIED, and that Plaintiff take nothing by its claims in this matter.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988).

SIGNED this 23rd day of January, 2008.